IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRADY HALE, | ) |
| Plaintiff, | ) No. 1:22-cv-1395 |
| Vs. | ) |
| CANADIAN NATIONAL RAILWAY, GRAND TRUNK CORPORATION, and WISCONSIN CENTRAL LTD, | ) |
| Defendants. | ) |

COMPLAINT AT LAW
(JURY DEMAND INCLUDED)

Now comes Grady Hale, by his attorneys, The Sklare Law Group Ltd, and for his cause of action against the Canadian National Railway, Grand Trunk Corporation, and Wisconsin Central Ltd., hereinafter "defendants", and pursuant to the Federal Employers' Liability Act states follows

**PARTIES AND JURISDICTION**

1. Grady Hale is a resident of Posen, Illinois, and a citizen of the State of Illinois.

2. Canadian National Railway is a Canadian corporation with its international headquarters and principal place of business in Montreal, Quebec, Canada.

3. Grand Trunk Corporation, is a domestic holding company incorporated in Delaware, which holds the stock of all of Canadian National Railway's assets within the United States, and has its corporate headquarters and principal place of business in Homewood, Illinois.

4. Wisconsin Central Ltd. is a Delaware Corporation registered with the State of Illinois with its principal place of business and corporate headquarters in Homewood, Illinois.

5. Canadian National Railway owns, operates, and manages Grand Trunk Corporation.

6. Grand Trunk Corporation owns, operates and manages Wisconsin Central Ltd.

7. Plaintiff complains of injuries resulting from an accident that occurred at Defendants' Kirk Yard1 N Buchanan St, Gary, IN 46402.

8. The court's has jurisdiction of this matter pursuant to federal question jurisdiction, 28 U.S.C. Section 1331 as plaintiff's complaint is pursuant to the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et. seq.

9. The court has personal jurisdiction over the defendants once served in that the headquarters and principal place of business of Grand Trunk and Wisconsin Central Transportation Co have their corporate headquarters and principal place of business within Illinois, making Illinois the defendants' "home state."

10. Venue is appropriate in the eastern division as the plaintiff resides in the eastern division and the defendants' principal place of business lies within the eastern division.

**CLAIM PURSUANT TO FEDERAL EMPLOYERS' LIABILITY ACT**

11. At all times relevant hereto, Grady Hale was an employee of the defendants, working as a machinist.

12. Plaintiff's injuries herein are covered by the Federal Employers' Liability Act as the defendants were engaged in interstate commerce hauling freight between the various states, and the plaintiff's position as a machinist has an effect upon interstate commerce.

13. On or about February 25, 2021, the plaintiff was acting within the scope of his employment as a machinist when he was walking upon the catwalk on an engine at the Kirk Yard, stepped upon air dryer balls scattered upon the catwalk, causing the air dryer balls to roll beneath his feet and causing him to fall to the ground eight feet below.

14. The air dryer balls were spread by an unidentified Laborer employed by defendants acting within the scope of his employment.

15. the air dryer balls were apparently mistaken as or used instead of salt meant for snow and ice.

16. The defendants owed plaintiff the duty to use reasonable care to keep its premises reasonably safe.

17. The defendants were negligent through one or more of the following acts and/or omissions:

    a. failing to use the proper salt;

    b. failing to follow the proper procedure for salting exterior surfaces;

    c. failing to instruct employees of the proper salt and procedures;

    d. failing to provide sufficient quantities of the needed supplies;

    e. failing to provide an alternative to the proper salt;

    f. failing to provide proper safety equipment;

    g. failing to supervise the employees in their spreading of salt;

    h. creating a hazardous work condition;

    i. failing to warn of the hazardous work condition;

19. Plaintiff's injuries were, in whole or in part, the direct and proximate result of the defendants' negligence, causing the plaintiff to incur past and future medical expenses, past and future lost wages, past and future physical and mental pain and suffering, permanent disability and loss of earning capacity.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Wherefore, Plaintiff prays the court enter Judgement upon a jury's verdict against Canadian National Railway, Grand Trunk Company, and Wisconsin Central Ltd, in an amount that will fairly and adequately compensate the plaintiff for past and future medical expenses, past and future lost wages, past and future physical and mental pain and suffering, loss of earning capacity, and for permanent disability, in an amount to be proven at trial and in excess of $75,000.00, and for such other and further relief as is just and equitable in the premises.

Grady Hale,

By; *(signature)*
Robert Leyshon (ARDC6225456)

The Sklare Law Group Ltd
20 North Clark Street Ste 1450
Chicago, IL 60602
312.782.2308
rleyshon@sklarelaw.com